UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE MCCAIN, | : | Case No. 1:22-cv-43 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| LTD FINANCIAL SERVICES, L.P., | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

This civil case is before the Court on Defendant LTD Financial Services, L.P.'s motion for attorney's fees pursuant to 15 U.S.C. § 1692k (Doc. 21), and the parties' responsive memoranda (Docs. 22, 23).[1]

**I. BACKGROUND**

**A. Procedural Posture**

On January 20, 2022, Plaintiff Charlotte McCain filed this civil action against Defendant LTD Financial Services, L.P., alleging Defendant pursued debt collection by contacting Plaintiff directly after being notified that Plaintiff was represented by counsel, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Doc. 1 at ¶ 13).

On April 7, 2022, after the parties had begun to engage in initial discovery requests, Plaintiff moved to dismiss the action with prejudice. (Doc. 15). Defendant did

---

[1] Defendant's first attempt at filing its motion (Doc. 19) failed to comply with Local Rule 5.1(c), so the first motion (Doc. 19) **shall be terminated as MOOT**.

not oppose Plaintiff's motion but filed a response stating that it reserved the right to file a motion under Fed. R. Civ. P. 54 ("Rule 54 motion"). (Doc. 16). The Court granted Plaintiff's motion to dismiss the case with prejudice and expressly permitted Defendant to file a Rule 54 motion, observing that it was ostensibly for costs and/or attorney's fees. (Doc. 17). The Court took no position on the merits of any Rule 54 motion; however, the Court noted that "'attorney fees and expenses are generally not awarded where plaintiffs move to voluntarily dismiss with prejudice.'" (Doc. 17 at 1 (quoting *See Lum v. Mercedes Benz, USA, L.L.C.*, 246 F.R.D. 544, 546 (N.D. Ohio 2007)).

Defendant then filed a motion for attorney's fees and costs totaling $4,221 under 15 U.S.C. § 1692k, arguing Plaintiff filed and maintained this action in bad faith and for the purpose of harassment. (Doc. 21). Plaintiff filed an opposition on May 21, 2022, and Defendant filed a reply on May 30, 2022. (Docs. 22, 23).

**B. Factual Background**

Defendant acquired Plaintiff's debt on October 5, 2021 and began to pursue collection in earnest. (Doc. 21-1 at 10-13). Defendant sent its first letter to Plaintiff on October 6, 2021. (*Id.* at 12). Defendant continued its attempts to contact Plaintiff on at least three occasions—by phone on October 27, 2021, by letter on November 10, 2021, and again by phone on November 18, 2021.[2] (*Id.* at 11). On the November 18 call,

---

[2] Defendant's attempted contacts with Plaintiff are shown through Defendant's internal recordkeeping system. (*See* Doc. 21-1 at 10-12). Defendant's October 6 letter, October 27 phone call, and November 18 phone call appear within the "Collector Comments" section. (*Id.* at 11-12). Although the October 6 letter appears in the Collector Comments, the November 10 letter does not. The November 10 letter only appears as part of Defendant's "Letter Transactions." (*Id.* at 11).

Plaintiff informed Defendant that she was represented by counsel and provided counsel's contact information.  (*Id.* at 11).

Plaintiff subsequently sued Defendant, claiming Defendant had contacted her after it knew that she was represented by counsel, in violation of 15 U.S.C. § 1692k.  Specifically, Plaintiff claimed she retained counsel as early as October 25, 2021, and that Defendant was made aware of that representation via letter.

Conversely, Defendant claimed that it was not made aware of Plaintiff's representation until the November 18 phone call, after which Defendant immediately stopped contacting Plaintiff directly.  Moreover, on December 28, 2021, in response to a pre-suit demand letter from Plaintiff's counsel, Defendant requested that Plaintiff withdraw her claims because Defendant had not received notice of Plaintiff's representation until November 18, 2021—and, crucially, that Defendant had the evidence to prove it.  (*Id.* at 1).

However, as previously discussed, Plaintiff filed suit.  Plaintiff then voluntarily dismissed her suit with prejudice, and Defendant moved for attorney's fees, claiming Plaintiff pursued her suit in bad faith and for the purpose of harassment.  In support of its claim for fees, Defendant submits the evidence that purports to show it did not receive notice of Plaintiff's representation until the November 18 phone call.  Specifically, Defendant submits three letters from Plaintiff's counsel, which show the following:

**First Letter.**  The first letter is dated October 25, 2021.  (Doc. 21-1 at 2).  In the letter, Plaintiff's counsel notified Defendant that Plaintiff was represented, requested a validation of the account, and demanded that Defendant cease and desist all further

3

communications with Plaintiff. (*Id.* at 2). Although the letter is dated October 25, 2021, there is no postmark date on the envelope reflecting when the Postal Service accepted custody of the letter. (*Id.* at 4). There is, however, a timestamp from Defendant on the back of the envelope, indicating the letter was received and/or processed by Defendant on December 7, 2021 at 12:45 p.m. (*Id.* at 5).

Additionally, in Defendant's internal recordkeeping system, Defendant notes that it received the first letter from "Litigation Practice Group," *i.e.*, Plaintiff's counsel, on December 7, 2021. (*Id.* at 11). The entry, however, does not include a note regarding the date on the letter or make any distinction between date of receipt or date of processing. The entry, instead, indicates only the date and time at which the comment was entered into the system—2021/12/07 13:20:58, approximately 35 minutes after the timestamp on the envelope. (*Id.* at 11).

**Second Letter.** The second letter is identical to Plaintiff's counsel's first letter dated October 25, 2021. (Doc. 21-1 at 6). As with the first letter, the envelope that corresponds to the second letter has no postmark date. (*Id.* at 8). Defendant claims it timestamped the back with the date December 15, 2021, however, the stamp is illegible on the scan. (*Id.* at 9). Unlike the first letter, there is no record of this second letter noted in Defendant's internal recordkeeping system. *See id.* at 11.

**Third Letter.** The third letter is dated December 8, 2021. (Doc. 21-2 at 3). In the letter, Plaintiff's counsel informed Defendant that Plaintiff intended to initiate ligation for violations of the FDCPA, included a settlement offer, and attached an unfiled copy of the complaint. (*Id.* at 3-6). The letter is postmarked December 9, 2021 and is addressed

4

to CT Corporation as Defendant's agent to accept service. (*Id.* at 2). Per CT Corporation's cover letter providing a copy of the letter to Defendant, the letter was received "By Regular Mail on 12/14/2021." (*Id.* at 1).

In Defendant's internal recordkeeping system, Defendant notes that it received the third letter on December 15, 2021. (Doc. 21-1 at 11). As with the first letter, the entry does not include a note regarding the date on the letter or make any distinction between date of receipt or date of processing; it indicates only the date and time at which the comment was entered into the system—2021/12/15 13:02:55. (*Id.* at 11).

## II. STANDARD OF REVIEW

In general, "[w]here plaintiffs move to dismiss voluntarily *without* prejudice pursuant to Rule 41(a)(2), courts commonly award costs and attorney fees to defendants." *Lum*, 246 F.R.D. at 546 (emphasis in original) (citing *Spar Gas, Inc. v. AP Propane, Inc.*, No. 91-6040, 1992 WL 172129, at *3 (6th Cir. July 22, 1992)) (citations omitted). "On the other hand, attorney fees and expenses are generally not awarded where plaintiffs move to voluntarily dismiss *with* prejudice." *Lum*, 246 F.R.D. at 546 (emphasis in original) (citing *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 852 (W.D. Mich. 2007)). The Sixth Circuit has explained:

> The reasoning behind the rule where the action is dismissed without prejudice is to compensate the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum. A dismissal with prejudice, however, finally terminates the cause and the defendant cannot be made to defend again.

*Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965) (citations omitted).

However, courts have acknowledged that fees may be appropriate in an action dismissed with prejudice "pursuant to some independent statutory authority" or in "exceptional circumstances." *Lum*, 246 F.R.D. at 546. In an FDCPA case, the relevant provision of the statute provides:

> On a finding by the court that an action under this section was brought <u>in bad faith **and** for the purpose of harassment</u>, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a)(3) (emphasis added); *see Deere v. Javitch, Block & Rathbone LLP*, 413 F. Supp.2d 886, 888-89 (S.D. Ohio 2006) (§ 1692k(a)(3) permits the Court to award the defendant attorney's fees upon a finding that the *two-pronged standard* is satisfied).

"Courts have declined to award attorney fees 'when a claim is minimally colorable and without additional facts supporting bad faith or harassment.'" *Sohi v. Diversified Adjustment Serv., Inc.*, No. 1:15-CV-563, 2016 WL 2745298, at *9 (S.D. Ohio May 10, 2016) (quoting *Brown v. Van Ru Credit Corp.*, No. 14-12136, 2015 WL 225727, at *5 (E.D. Mich. Jan. 16, 2015), *aff'd*, 804 F.3d 740 (6th Cir. 2015)). The imposition of fees has been found to be warranted under § 1692k(a)(3) "where the plaintiff failed to dismiss any claims after it became clear during discovery that they lacked any factual basis, thereby forcing the defendant to file a summary judgment motion, and the plaintiff's own deposition testimony contradicted most of the allegations made in the complaint." *Sohi*, 2016 WL 2745298, at *9 (citing *Rhinehart v. CBE Group, Inc.*, 714 F. Supp.2d 1183, 1185-86 (M.D. Fla. 2010)).

### III.  ANALYSIS

**A.  Bad Faith**

Defendant argues fee shifting pursuant to 15 U.S.C § 1692k(a)(3) is warranted because "Plaintiff and her counsel filed a claim they knew to be contrary to the only evidence that exists." (Doc. 21 at 5). The basis for Defendant's argument is Plaintiff's statement that the letters dated October 25, 2021 were sent by regular mail and without any method of tracking, or as Defendant emphasizes: "there is no proof of receipt." (*Id.* at 5). Defendant concludes that because Plaintiff had no "proof of receipt" for the letters, and Defendant had informed Plaintiff that it had stamped the envelopes and made notes on Plaintiff's account when it purportedly received (and/or processed) the letters, that Plaintiff knew there was no factual dispute and thus brought claims in bad faith. (Doc. 21 at 6).

Plaintiff argues that Defendant incorrectly equates Plaintiff's lack of receipts with the absence of a factual dispute regarding the timing of Defendant's receipt of the letters. (Doc. 22 at 3). In particular, Plaintiff argues that a timestamp is not "irrefutable proof" that the letters were received in December 2021, but merely a "unilateral and uncorroborated assertion" of the same. (*Id.* at 3). Plaintiff states that, even in the absence of receipts, there are alternative ways to dispute Defendant's timestamps, *e.g.*, that "Defendant's inadequate and unreasonable policies and procedures could have caused [] delay" (*Id.* at 4) to when Defendant retrieved the letters from its P.O. Box, as "it defies reason why the USPS would take 7 weeks to deliver a letter" (*Id.* at 1-2). Plaintiff

concludes that "it is not bad faith or harassment to question Defendant's policies and procedures for handling mail." (*Id.* at 4).

Here, based on what the Court has before it, there is clearly a factual dispute as to when Defendant received Plaintiff's letter, *i.e.*, whether the letter was not mailed as dated or the letter was mailed as dated but not timely retrieved and processed. Plaintiff and Defendant offer twin narratives. Plaintiff asserts the October 25, 2021 date on the letter is proof of when the letter was mailed, implying a deficiency with Defendant's retrieval and processing; and Defendant asserts the December 2021 timestamps on the envelopes are proof of when the letters were received, implying a deficiency with Plaintiff's mailing. Although the letters are dated October 25, 2021, the absence of a postmark makes it difficult to conclude with certainty that the letters were in fact mailed when dated. Likewise, although Defendant provided timestamped envelopes, the other records Defendant provided raise questions as to the consistency and diligence of its mail handling process, *e.g.*, by its own account, Defendant received two letters dated October 25, 2021 on separate dates, but only one letter was noted on Plaintiff's account; the other letter noted is the pre-suit demand letter Plaintiff's counsel mailed in December.

This is not a factual dispute the Court can resolve, and so at the very least, Plaintiff's claim meets the threshold of being "minimally colorable." *Sohi*, 2016 WL 2745298, at *9 (quoting *Brown*, 2015 WL 225727, at *5). Moreover, Defendant offers no additional facts supporting bad faith or harassment, apart from its assertion that Plaintiff's pursuit of a meritless claim amounts to bad faith. Rather, Plaintiff's voluntary dismissal with prejudice, which "finally terminates the cause and the defendant cannot be

8

made to defend again," supports the view that Plaintiff pursued her claims in good faith. *Smoot*, 353 F.2d at 833.

### B. Harassment

Assuming *arguendo* that Plaintiff brought suit in bad faith, Defendant would nevertheless not be entitled to attorney's fees under 15 U.S.C. § 1692k(a)(3) because Defendant failed to establish that Plaintiff acted "for the purpose of harassment"— the second prong of the two-prong standard. *See Deere*, 413 F. Supp.2d at 888-89. Plaintiff voluntarily dismissed her case **with prejudice** less than three months from her initial filing—when the parties had only just begun to exchange discovery requests. There are no facts to support that Plaintiff intended to harass Defendant by filing or briefly maintaining her suit, *e.g.*, Plaintiff here did not aggressively pursue and extend litigation. *See Sohi*, 2016 WL 2745298, at *9 (compiling cases).

Defendant fails to demonstrate that Plaintiff brought her suit in bad faith or for the purpose of harassment. Fees are not awardable under 15 U.S.C. § 1692k(a)(3).

### IV. CONCLUSION

Based upon the foregoing, Defendant's motion for attorney's fees and costs (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

Date:     12/14/2022                                                            *s/Timothy S. Black*
                                                                                                         Timothy S. Black
                                                                                                         United States District Judge